By the Court

Jenkins, J.,
delivering the opinion.
It does not satisfactorily appear from this record whether Connell, the applicant, was first enrolled about the time he sued out the writ of habeas corpus, and now seeks exemption as a mechanic engaged in working for the public, or whether he had been previously enrolled and exempted, and is now re-enrolled on the ground that he fails to fulfil the obligations by which he obtained exemption. We infer the former from all the facts. It is true, his own affidavit stating his mechanical occupation, skill in it, and habitual engagement in the service of the public, etc., is dated in the month of June, last, and his petition was not filed until October following. But this affidavit was not produced by the enrolling officer in whose custody it should have been, had it been made the basis of previous exemption. It is produced by himself, and appears to have been prepared and kept on hand for use in case he should be enrolled. Be that as it may, evidence was offered by him to prove that he is a skillful blacksmith and habitually engaged in working for the public. The *61 evidence on both sides sufficiently proves his skill, but the enrolling officer adduces evidence to controvert his habitual, steady and efficient occupation in his calling for the public convenience, and upon this issue the case seems to have turned in the Court below. The number of witnesses in his behalf exceeds that against him, but we note the fact that of those in his favor there are two brothers and two brothers-in-law, and one a father-in-law. Without intending to misrepresent the facts, (which we would by no means impute to them) these witnesses may have been biased, insensibly to themselves in his favor, and have seen everything in a light most favorable to him. It does not appear that the adverse witnesses were under any bias. They were farmers of the vicinage needing work in his line and unsuccessfully asking it at his hands. They testify that he kept no supply of coal, (although facilities for getting it were offered him) no striker, and no adequate supply of iron, and sometimes made his destitution of these things an excuse for declining work. These are all matters of fact considered by the Court below, much more competent than ourselves to weigh the evidence, and we see no sufficient reasons for disturbing the verdict there rendered.
Lqt the judgment be affirmed.